UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 21, 2017

LETTER TO COUNSEL

RE: *Tony Petry v. Comm'r, Social Security Administration*
Civil No. SAG-16-464

Dear Counsel:

On February 19, 2016, Plaintiff Tony Petry petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 13, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Mr. Petry protectively filed his claims for DIB and SSI on January 31, 2012. (Tr. 167-68, 174-75). He alleged a disability onset date of August 28, 2011. *Id.* at 167, 174. His claims were denied initially and on reconsideration. (Tr. 121-23, 130-33). A hearing was held on May 15, 2014, before an Administrative Law Judge ("ALJ"). (Tr. 36-66). Following the hearing, the ALJ determined that Mr. Petry was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 12-35). The Appeals Council denied Mr. Petry's request for review, (Tr. 1-3), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Petry suffered from the severe impairments of chronic obstructive pulmonary disease ("COPD"), disc herniation, depression, anxiety disorder, substance use disorder, and personality disorder. (Tr. 18). Despite these impairments, the ALJ determined that Mr. Petry retained the residual functional capacity ("RFC"):

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he can only occasionally climb, balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to extreme cold, extreme heat, humidity, fumes, odors, dusts, gases, poor ventilation, etc. He is able to interact occasionally with supervisors, co-workers, and the general public. He is able to perform the following 90 percent of the time: understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an

> unreasonable number and length of rest periods; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Petry could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 34-35).

Mr. Petry makes two arguments on appeal. First, Mr. Petry argues that the ALJ's RFC function-by-function assessment as to mental limitations lacks "a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." Pl.'s Mot. 3-8. Second, Mr. Petry contends that the ALJ erroneously relied on VE testimony that did not accurately account for Mr. Petry's RFC. *Id.* at 8-9. These arguments are addressed below.

## I. Residual Functional Capacity Assessment

Mr. Petry argues that the ALJ did not satisfy the narrative discussion requirement of SSR 96-8p, because she failed to explain the evidence supporting her conclusion regarding Mr. Petry's mental limitations. Pl.'s Mot. 6-7 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015) (remanding case where ALJ failed to explain the basis behind findings about claimant's ability to perform relevant functions) and *Chandler v. Colvin*, Civil No. SAG 15-1408 (D. Md. Feb. 24, 2016) (remanding case where ALJ failed to adequately explain findings as to claimant's mental limitations and its relation to claimant's moderate limitations in concentration, persistence, or pace). I agree.

Social Security regulations require an ALJ to include "a narrative discussion of [the] claimant's symptoms and medical source opinions." *Thomas v. Comm'r, Soc. Sec.*, 2011 WL 6130605, at *4 (D. Md. Dec. 7, 2011). In doing so, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000), as amended (Dec. 13, 2000). Here, the ALJ failed to provide "an accurate and logical bridge" between Mr. Petry's mental limitations and the ALJ's RFC determination. Most significantly, in formulating the RFC assessment, the ALJ noted that Mr. Petry would be off task 10% of the time. (Tr. 23). The ALJ, however, failed to explain the basis for her conclusion. Notably, the ALJ found that Mr. Petry had "moderate difficulties" in concentration, persistence, or pace. (Tr. 21). However, the ALJ also noted that Mr. Petry was "awake, alert, and fully oriented" on examination in October 2, 2010, April 29, 2011, and mid-October 2011, and cited Mr. Petry's February, 2012 teleclaim in support of his initial application where he disclosed that he had "no difficulty concentrating (Exhibit 1E)." (Tr. 21-22). The ALJ also cited the medical opinion of E. Edmunds, Ph. D., who, after reviewing the record for the State agency, concluded that Mr. Petry had "only moderate difficulties in maintaining concentration, persistence, or pace[,]" but also opined that Mr. Petry "would be able to relate adequately, focus his attention sufficiently, accept supervision, and perform at least simple tasks on a sustained basis in a competitive work-related setting (Exhibit 6A)." (Tr. 27). In short, the ALJ failed to explain how this evidence translated into a determination that Mr. Petry would be off task 10% of the time. An explanation of how

that percentage was calculated is significant, since a one percent increase could preclude competitive employment. *See Schlossnagle v. Colvin*, 2016 WL 4077672, at *4 (August 1, 2016) (holding that "being off task more than 10% of the time during an eight-hour workday would preclude all competitive employment."). Accordingly, without further explanation, I am unable to ascertain how the ALJ assessed Mr. Petry's mental limitations, and how those difficulties impacted the RFC assessment. In light of this inadequacy, I must remand the case to the Commissioner for further analysis. On remand, the ALJ should consider the impact of Mr. Petry's limitations on the RFC determination, and explain the reasons for that finding, citing substantial evidence. In remanding, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Petry is not entitled to benefits is correct or incorrect.

##     II.     Vocational Expert Testimony

Mr. Petry also argues that the ALJ provided the VE with a hypothetical question that did not reflect Mr. Petry's RFC. Pl.'s Mot. 8-9. As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

In this case, the ALJ framed a hypothetical question based on the RFC, (Tr. 55), but omitted Mr. Petry's 10% limitation in ability to "complete a normal workday and work week without interruptions from psychologically based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods." (Tr. 23). The only other hypothetical question the ALJ posed to the VE was to "assume the same factors as provided in the first hypothetical … [and further assume that] the individual is limited to sedentary work." (Tr. 56). In response to those hypotheticals, the VE testified that Mr. Petry could perform several jobs existing in the national economy at both the light work and sedentary work levels. (Tr. 56-57). Mr. Petry contends that the ALJ improperly failed to account for a significant vocational restriction in the hypotheticals, rendering the VE's responses "defective" such that they cannot be considered substantial evidence. Pl.'s Mot. 9. The Court agrees. While the ALJ was under no obligation to directly quote the RFC in forming hypothetical questions for the VE, the ALJ did not raise the 10% limitation on Mr. Petry's ability to stay on task during a normal work day and work week, which could have a significant impact on job availability. On remand, the ALJ should pose hypothetical questions that fully reflect Mr. Petry's RFC.

For the reasons set forth above, Mr. Petry's Motion for Summary Judgment (ECF No. 13) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

*Petry v. Comm'r, Social Security Administration*
Civil No. SAG-16-464
February 21, 2017
Page 4

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                         Sincerely yours,

                             /s/

                         Stephanie A. Gallagher
                         United States Magistrate Judge